UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LIONEL HERNANDEZ,             *DKT#: 13 Civ 3838 (CM)*

                  Plaintiff,            **COMPLAINT**

    - against -            **JURY TRIAL DEMANDED**

                                                    **ECF CASE**

CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT and
POLICE OFFICER L. MARAJ (shield 04801),
UNDERCOVER POLICE OFFICER shield c0229 (U/C c0229),
POLICE OFFICER "JOHN DOE" #1 through #10,
individually and in their official capacity.
 (the name "John Doe" being fictitious, or an alias,
as the true names are presently unknown),

                  Defendants.
------------------------------------------------------------------------x

       Plaintiff, LIONEL HERNANDEZ, by his attorney, Law Office of SOPHIA SOLOVYOVA, PC, complaining of the defendants, respectfully sets forth and alleges that:

## INTRODUCTION

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C §§ 1983, 1985, and 1988, for violations of Plaintiff's civil rights under the said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the provisions of 42 USC 1983, 42 U.S.C § 1985(3) and the First, Fourth, Fifth, Eighth, and Fourteenth Amendment to the Constitution of the United States.

1

3. Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C § 1988 and 42 U.S.C § 2000, which authorize the award of attorney's fees and costs to the prevailing parties pursuant to 42 U.S.C § 1983.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331, in that this is a civil suit arising under the Constitution of the United States.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343(a), in that this action seeks to redress the deprivation, under color of state law, of rights secured to Plaintiff by the First, Eight and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

6. Pendant jurisdiction of the Federal District Court is invoked with respect to the Plaintiff's claims under the state common law theory of malicious prosecution pursuant to 28 U.S.C § 1367.

## VENUE

7. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that Plaintiff resides within this District as well as the fact that this is the District in which the claim arose.

## CONDITIONS PRECEDENT

8. That Notice of Plaintiff's claims, the nature of the claims and the date, time, place and the manner in which the claims arose was duly served upon the City of New York, on February 13, 2013.

9. That Plaintiff submitted to a 50-H hearing as requested and conducted by defendants.

10. That more than thirty days have elapsed since the Notice of claim has been served upon defendants and the said defendants have neglected or refused to make any adjustment or payment

thereof.

11. That this action was commenced within one year and ninety days after the causes of action arose.

## JURY DEMAND

12. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

13. Plaintiff, LIONEL HERNANDEZ, is a Hispanic male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

14. Defendant, The City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

15. The City of New York maintains the New York City Police Department, authorized to perform all functions of a police department as per the applicable section of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

16. That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICER L. MARAJ (shield 04801), UNDERCOVER POLICE OFFICER shield c0229 (U/C c0229), and POLICE OFFICER "JOHN DOE" #1 through #10 were duly sworn police officers of the City of New York Police Department and were acting under the supervision of said department and according to their official duties.

17. That at all relevant times, the defendants, either personally or though their employees, were acting under color of state law and /or in compliance with the official rules, laws, regulations, statutes, usages and/or practices of the State of New York and the City of New York.

18. That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by defendant, City of New York.

19. Upon information and belief, Defendant Police Officer John Doe #1 through 10, a natural person, was an employee of Defendant City and is being sued individually and in his or her official capacity.

## FACTUAL ALLEGATIONS

20. On or about May 12, 2012, at approximately 3:30 PM, Plaintiff walked out of his residence at 17 Post Avenue, New York, New York onto the public sidewalk.

21. At the aforementioned time and place, three unmarked police vehicles, including an unmarked police van, pulled up in front of Plaintiff. There were approximately 9 or 10 plain clothed police officers inside the vehicles.

22. Police Officer Larry Maraj, shield 04801, Police Officer John Doe #1 and Police Officer John Doe #2, all in plain clothes, exited the vehicles, approached Plaintiff in an aggressive manner and ordered Plaintiff to put his hands on the car.

23. The said Officers proceeded to search Plaintiff: they shook Plaintiff's shirt, unbuckled Plaintiff's belt, and searched Plaintiff's anal and genital areas by patting on the outside of Plaintiff's pants with their hands and a police baton. The Officers further ordered Plaintiff to take off his sneakers and his socks.

24. The search was conducted on the street in view of numerous people who live in Plaintiff's neighborhood.

25. During the search the officers recovered Plaintiff's house keys and four (4) dollars in cash.

26. No illegal substance was found in Plaintiff's possession during the search.

27. No police marked money was found in Plaintiff's possession during the search.

28. Upon the completion of the search, Plaintiff was placed under arrest and handcuffed.

29. Plaintiff was distraught and repeatedly asked the Officers why they arrested him.

30. Officer Maraj stated to the Plaintiff "We are looking for someone who had sold marijuana to an undercover at 22 Post Avenue earlier today."

31. Officer Maraj went on to tell Plaintiff that the suspect was described as wearing black jeans, white t-shirt and black and while sneakers.

32. At the time of arrest, Plaintiff was wearing black jeans, black and white sneakers, and a black and white t-shirt with a noticeable large red heart in the front.

33. Plaintiff pointed out to Officer Maraj that his clothes did not match the description of the suspect the police were looking for.

34. Officer Maraj said to Plaintiff: "You guys all look the same to me."

35. Officer Maraj received a call on his cell phone. During the call, Officer Maraj told Police Officer John Doe#1 to take the handcuffs off Plaintiff. Officer Maraj said to Police Officer John Doe #1: "Take the handcuffs off, it's a negative."

36. Minutes after Plaintiff's handcuffs were taken off, the fourth unmarked police car pulled up.

37. A police officer John Doe #3 stepped out of the vehicle, came up to the Plaintiff and told Plaintiff to look up. Plaintiff complied.

5

38. The Police Officer John Doe # 3 made a call on his cell phone. During the phone call, Officer John Doe #3 told Officer Maraj to put the handcuffs back on the Plaintiff.

39. Officer Maraj told Plaintiff "A lot of drug dealing around here. Someone sold drugs and that's why we picked you up."

40. When the Plaintiff protested again that his clothes did not match the description of the suspect, Officer Maraj said to Plaintiff: "I know you are not the guy, but we'll arrest you anyway."

41. Plaintiff pleaded with the police officers to review the tape from the security camera, which was readily available from the super of the building, but the officers told Plaintiff that they did not have the time to see the tape.

42. Plaintiff told the officers that it was Mother's day the next day and he had plans for his mother and the mother of his newborn son.

43. Officer Maraj stated: "Don't worry, you will be out by tomorrow."

44. Plaintiff was placed inside the police van.

45. At no time did the defendant officers advise the Plaintiff of his rights under <u>Miranda</u>.

46. At no time did the defendant officers inform Plaintiff of the charges against him.

47. At no time did the defendant officers speak with eyewitnesses who were available to be interviewed at the scene.

48. At no time did the defendant officers attempt to review the tape of the security camera, which was installed outside of 17 Post Avenue.

49. The actions by the defendant Police Officers indicated that Plaintiff was not positively identified as the perpetrator of the crime alleged and that the Police Officers had no probable cause to arrest Plaintiff.

50. Plaintiff was placed in the back of a police van where he remained crammed together with several other arrested individuals for three (3) hours.

51. The van into which Plaintiff was placed had no ventilation, no windows and no air conditioner.

52. On May 12, 2012, the outside temperature was approximately 80C and the back of the van where Plaintiff was placed became heated to well over 110C.

53. The Plaintiff told the officers driving the van several times that he had difficulty breathing, was overheated, and was ready to pass out. However, the officers told Plaintiff to "stop whining" and refused to assist him.

54. Plaintiff was inside the overheated van for three (3) hours before he was let out of the van for a short break.

55. By the time he was allowed to exit the van, Plaintiff was experiencing asthma-like symptoms.

56. Plaintiff was brought to the 34th Precinct where he was fingerprinted, photographed, and strip-searched before being placed into a holding cell for several hours.

57. Plaintiff was transferred to Manhattan Central Booking.

58. Plaintiff was arraigned and charged with Criminal Sale of Marijuana in the 4th Degree (NYPL §221.40).

59. The information alleged that on or about May 12, 2012, at approximately 3:30 PM, inside of 22 Post Avenue in the County of New York, Plaintiff sold one (1) bag of

marijuana to a police officer.  The police officer who Plaintiff allegedly sold marijuana to used an alias name to protect his true identity.  That alias name was "U/C c0229" (Undercover Officer Shield # c0229).

60.     Despite the fact that Plaintiff was not positively identified as the perpetrator of the crime, and despite the unduly suggestive nature of the circumstances surrounding the identification procedure, and despite the fact that the Plaintiff did not have any marked money or controlled substance on him, the defendant Police Officers arrested Plaintiff and subjected him to criminal prosecution.

61.     Plaintiff's arrest and prosecution by defendant police officers was without probable cause and was conducted with malice.

62.     Plaintiff was subject to criminal prosecution in New York County Criminal Court (Docket# 2012NY038069) from May 12, 2012 to November 15, 2012.

63.     Plaintiff came to court three (3) times and was preparing for trial.

64.     On or about November 15, 2012, Plaintiff's case was dismissed pursuant to NY CPL § 30.30 speedy trial provisions.

65.     Plaintiff was absent a considerable number of days from work as a consequence of his arrest and court appearances.

66.     To date, Plaintiff suffers from fear of the police and memories of humiliation.

67.     As a result of the foregoing, the Plaintiff sustained inter alia, pain, suffering, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of his residence, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 USC 1983**

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "67" with the same force and effect as if fully set forth herein.

69. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

70. All of the aforementioned acts deprived plaintiff LIONEL HERNANDEZ of rights, privileges and immunities guaranteed to citizens of the Untied states by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the Untied States of America and in violation of 42 U.S.C. 1983.

71. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the City of New York and the New York Police Department, all under the supervision of ranking offers of said department.

73. Defendants collectively and individually, while acting under color of state law, engaged in conduct, which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. 1983**

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "73" with the same force and effect as if fully set forth herein.

75. As a result of defendants' aforementioned conduct, the Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

76. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 USC 1983**

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "76" with the same force and effect as if fully set forth herein.

78. Defendants were directly involved in the initiation and continuation of criminal proceedings against LIONEL HERNANDEZ.

79. Defendants lacked probable cause to initiate and continue criminal proceedings against LIONEL HERNANDEZ.

80. Defendants acted with malice in initiating and continuing criminal proceedings against LIONEL HERNANDEZ.

81. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in LIONEL HERNANDEZ's favor when all criminal charges against him were dismissed.

82. As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "82" with the same force and effect as if fully set forth herein.

84. Defendants issued legal process to detain Plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

85. Defendants' actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

86. Defendants acted with intent to do harm to LIONEL HERNANDEZ without excuse or justification.

87. As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 USC 1985

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "87" with the same force and effect as if fully set forth herein.

89. Each and all of Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. 1985, for which the defendants are individually liable.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 USC 1983

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "91" with the same force and effect as if fully set forth herein.

91. Defendants, including CITY OF NEW YORK, POLICE OFFICER L. MARAJ (shield 04801), UNDERCOVER POLICE OFFICER shield c0229 (U/C c0229), and POLICE OFFICER "JOHN DOE" #1 through #10, subjected Plaintiff to a false arrest and malicious prosecution.

92. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority

Case 1:13-cv-03838-CM   Document 1   Filed 06/05/13   Page 12 of 17

87. As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

**FIFTH CLAIM FOR RELIEF**
**CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 USC 1985**

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "87" with the same force and effect as if fully set forth herein.

89. Each and all of Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. 1985, for which the defendants are individually liable.

**SIXTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 USC 1983**

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "91" with the same force and effect as if fully set forth herein.

91. Defendants, including CITY OF NEW YORK, POLICE OFFICER L. MARAJ (shield 04801), UNDERCOVER POLICE OFFICER shield c0229 (U/C c0229), and POLICE OFFICER "JOHN DOE" #1 through #10, subjected Plaintiff to a false arrest and malicious prosecution.

92. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority

attendant thereto and pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York, under the supervision of ranking officers of the New York City Police Department.

93.     The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, including but are not limited to the following unconstitutional practices:

(a) Failing to properly train, in general;

(b) Failing to supervise police officers;

(c) Subjecting persons to violations of their constitutionally protected rights;

(d) Subjecting persons to false arrest;

(e) Subjecting persons to malicious prosecution.

94.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

95.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights, for which the City of New York is liable.

**PENDANT STATE CLAIMS**

**FIRST CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER NEW YORK STATE COMMON LAW**

96.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "95" with the same force and effect as if fully set forth herein.

97. Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against LIONEL HERNANDEZ.

98. Defendants lacked probable cause to initiate and to continue criminal proceedings against LIONEL HERNANDEZ.

99. Defendants acted with malice in initiating and continuing criminal proceedings against LIONEL HERNANDEZ.

100. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in LIONEL HERNANDEZ's favor when all criminal charges against him were dismissed.

101. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

102. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. That Defendants had a duty to Plaintiff to refrain from subjecting him to malicious prosecution.

104. That the Defendants breached that duty when they subjected Plaintiff to malicious prosecution.

105.   The Plaintiff's injuries were proximately related to the actions of the Defendants.

106.   That the foregoing injuries sustained by the Plaintiff were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the Defendants and without any negligence on the part of the Plaintiff, contributing thereto.

**THIRD CLAIM FOR RELIEF**
**NEGLIGENT SUPERVISION**

107.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.   Defendant CITY OF NEW YORK is required to supervise its various agents, servants, and employees, employed by the Defendant CITY OF NEW YORK.

109.   That CITY OF NEW YORK created an unreasonable risk of harm to Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, servants, and/or agents, including POLICE OFFICER L. MARAJ (shield 04801), UNDERCOVER POLICE OFFICER shield c0229 (U/C c0229), and P.O. "JOHN DOE" #1-10.

110.   That the defendant, CITY OF NEW YORK, caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant, CITY OF NEW YORK.

**FOURTH CLAIM FOR RELIEF**
**NEGLIGENT TRAINING**

111.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.   Defendant CITY OF NEW YORK is required to adequately train its various

agents, servants, and employees, including POLICE OFFICER L. MARAJ (shield 04801), UNDERCOVER POLICE OFFICER shield c0229 (U/C c0229), and P.O. "JOHN DOE" #1-10.

113.    Defendant CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to adequately train its various agents, servants, and employees, including POLICE OFFICER L. MARAJ (shield 04801), UNDERCOVER POLICE OFFICER shield c0229 (U/C c0229), P.O. "JOHN DOE" #1-10.

114.    That the defendant, CITY OF NEW YORK, caused damages by way of its negligent training; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant.

## FIFTH CLAIM FOR RELIEF
## VICARIOUS LIABILITY and RESPONDEAT SUPERIOR

115.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.    That the corporate defendant, CITY OF NEW YORK, is liable to the Plaintiff for the acts and omissions and negligence of its various agents, servants, and employees, including POLICE OFFICER L. MARAJ (shield 04801), UNDERCOVER POLICE OFFICER shield c0229 (U/C c0229), and P.O. "JOHN DOE" #1-10, under the legal theories of "Vicarious Liability" and "Respondeat Superior".

## DAMAGES AND RELIEF REQUESTED

117.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "116" with the same force and effect as if fully set forth herein.

118.    All of the foregoing acts by defendants deprived LIONEL HERNANDEZ of

federally protected rights, including, but not limited to, the right:

      A. Not to be deprived of liberty without due process of law;

      B. To be free from seizure and arrest not based upon probable cause;

      C. To be free from unwarranted and malicious criminal prosecution;

      D. To receive equal protection under the law.

119.    By reason of the aforesaid conduct by defendants, Plaintiff is entitled to the sum of three hundred thousand dollars ($300,000) in compensatory, punitive damages, plus attorney's fees pursuant to 42 U.S.C. 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

120.    **WHEREFORE**, Plaintiff demands judgment against the Defendants pursuant to the federal causes of action above, in the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in compensatory damages, and THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

121.    **WHEREFORE**, plaintiff demands judgment against the Defendants, pursuant to the state law causes of action above, in the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in compensatory damages, and THREE HUNDRED THOUSAND DOLLARS ($300,000.00) in punitive damages, together with the costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

Dated:  New York, NY
         May 31, 2013

By:   _____
     Sophia Solovyova, Esq.
     *Attorney(s) for the Plaintiff*
     32 Broadway, Suite 1310
     New York, NY 10004
     (917) 279-0134